UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMIRY CARLOS BORGES DIAS,<br><br>Petitioner,<br><br>v.<br><br>STEVEN J. SOUZA,<br><br>Respondent. | Civil No. 20-11513-LTS |

ORDER ON MOTION FOR RECONSIDERATION (DOC. NO. 16)

October 22, 2020

SOROKIN, J.

On October 13, 2020, this Court denied the respondent's motion to dismiss this habeas petition and ordered the release of petitioner Amiry Carlos Borges Dias, a citizen of Cape Verde, by October 20, 2020 pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).  Doc. No. 15.  The Court's decision arose from its finding that the respondent had failed to rebut Dias's showing that his removal was not substantially likely to occur in the reasonably foreseeable future.  That finding, in turn, was driven by the respondent's failure to identify a date on which it might be able to effect Dias's removal, its concession that commercial air travel between the United States and Cape Verde had been suspended due to the COVID-19 pandemic and had not yet resumed, and the fact that Dias already had been held in civil immigration detention for more than two years, nearly a year of which followed the date on which his order of removal had become final.

Three days after this Court's order, the respondent filed a motion for reconsideration in which he notified the Court that: 1) he had learned on October 14, 2020, that commercial flights to Cape Verde had resumed two days earlier; 2) immigration officials were also endeavoring to

effectuate Dias's removal via a commercial flight departing the United States on November 4, 2020; 3) on October 15, 2020, Cape Verde had approved a November 17, 2020 charter flight to effect the removal of Cape Verde citizens from the United States, and that Dias was manifested for the flight in case efforts to remove him earlier via commercial flight did not succeed; and 4) time limitations placed on travel documents for Cape Verde citizens mean that such documents generally do not issue until one week before a scheduled removal flight.  Doc. Nos. 16, 16-1.

In light of the respondent's submission, the Court stayed its order requiring Dias's release pending resolution of the motion to reconsider and set a deadline for Dias to respond.  Doc. No. 17.  Dias opposed the respondent's motion, arguing that potential removal flights in November are beyond the "reasonably foreseeable future" as measured from the date of the filing of his petition.  Doc. No. 20 at 4-6.  Dias further urges that the declaration the respondent has submitted to establish the facts upon which the reconsideration request is based is insufficient to rebut Dias's showing for purposes of Zadvydas.  Id. at 6-10.

The Court has considered the parties' submissions on this motion, the entire record in this case, and the fact that Dias's petition arises in the context of a global pandemic which has triggered disruptions in international travel that are beyond the control of both the parties and the Court (a fact which bears on this Court's assessment of what constitutes the "reasonably foreseeable future").  The Court finds that the changed circumstances outlined by the respondent and described in the supporting declaration he submitted—in particular, the very recent reopening of the Cape Verde airports to commercial flights[1] and the specific travel arrangements

---

[1] The assertions in the respondent's motion and the attached declaration in this regard are consistent with information publicly available on the Cape Verde Embassy's website.  See U.S. Embassy in Cabo Verde, "COVID-19 Information," https://cv.usembassy.gov/covid-19-

now being made for Dias[2]—constitute newly discovered evidence that was not previously available, meriting reconsideration.  Calderon-Serra v. Wilmington Tr. Co., 715 F.3d 14, 20 (1st Cir. 2013).  Accordingly, it is hereby ORDERED as follows:

1) The respondent's motion to reconsider (Doc. No. 16) is ALLOWED.

2) The October 13, 2020 Order (Doc. No. 15) is VACATED in all respects.

3) Dias's petition (Doc. No. 1) remains pending, as does the respondent's motion to dismiss (Doc. No. 6).

4) The respondent is hereby ORDERED to file a report in which he states the status of efforts to remove Dias on the earliest of: i) the date on which the respondent learns that Dias's removal will not proceed as presently planned on November 4th; or ii) Friday, November 6, 2020.

5) The petition and the motion to dismiss will be held under advisement pending the Court's review of this status report.

                                                   SO ORDERED.

                                              /s/ Leo T. Sorokin
                                              United States District Judge

---

information/ (last visited Oct. 22, 2020) ("Effective Monday, October 12, commercial flights and international maritime transportation of passengers resumed operation.").

[2] A manifest showing details for the November 4, 2020 flight on which ICE hopes to remove Dias is included among sealed documents the respondent submitted (and served on Dias's counsel), further confirming the representations made by the respondent in his motion and the supporting declaration.